1
2
3
4
5
6

SEYFARTH SHAW LLP
Laura Wilson Shelby (SBN 151870)
lshelby@seyfarth.com
Shiva Fatoorechi Emrani (SBN 271823)
semrani@seyfarth.com
Michelle Zakarian (SBN 327628)
mzakarian@gmail.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

7
8

Attorneys for Defendants
COSTCO WHOLESALE CORPORATION and
COSTCO WHOLESALE MEMBERSHIP, INC.

9

10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

13
14
15
16
17
18
19
20

PAUL TUMANUVAO, an individual,

Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION; a Washington
Corporation; COSTCO WHOLESALE
MEMBERSHIP, INC., a California
Corporation; and DOES 1 through 100,
inclusive,

Defendants.

Case No. 5:21-cv-02138

**DEFENDANT COSTCO
WHOLESALE CORPORATION
AND COSTCO WHOLESALE
MEMBERSHIP, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
THE UNITED STATES DISTRICT
COURT**

Riverside Superior Court
Case No.: CVRI2105139
Complaint Filed:    November 8, 2021

21
22
23
24
25
26
27
28

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION ("Costco") and COSTCO WHOLESALE MEMBERSHIP, INC. ("Costco Membership") (collectively "Defendants"), hereby file this Notice of Removal pursuant to 28 U.S.C. §§1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California. Defendants state that removal is proper for the following reasons:

## I.   BACKGROUND

1.   This removal involves an action that was filed in the Superior Court of the State of California, County of Riverside, entitled, "PAUL TUMANUVAO, Plaintiff, vs. COSTCO WHOLESALE CORPORATION (a Washington corporation); COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; and DOES 1-100, Defendants" designated Riverside County Superior Court Case No. CVRI2105139. ("Superior Court Action")

2.   Plaintiff Paul Tumanuvao filed the Complaint on November 8, 2021.

3.   The Complaint alleges claims for: (1) discrimination on the basis of age in violation of FEHA; (2) harassment on the basis of age in violation of FEHA; (3) discrimination on the basis of disability in violation of FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in the interactive process; (6) retaliation for engaging in a protected activity in violation of FEHA; (7) failure to prevent discrimination, harassment and retaliation in violation of FEHA; (8) retaliation for reporting a work place injury and filing workers' compensation claim in violation of Labor Code § 6310; (9) wrongful termination of employment in violation of

public policy; (10) violation of Labor Code § 1102.5; and (11) intentional infliction of emotional distress. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

4.      Defendants Costco and Costco Membership were each served with the Summons and Complaint on November 23, 2021. A copy of the Summons and its accompanying documents (i.e., Civil Case Cover Sheet, Notice of Department Assignment, Notice of Case Management Conference and Certificate of Counsel) and all Proofs of Service of Summons are attached hereto as Exhibit 2.

5.      Defendants answered the Complaint on December 22, 2021.  (A true and correct copy of the Answer is attached hereto as Exhibit 3.)

6.      Exhibits 1-3 constitute all the process, pleadings, and orders served on any party in the Superior Court Action.

## II.    TIMELINESS OF REMOVAL

7.      This Notice of Removal is being filed within thirty (30) days of November 23, 2021, the date the initially served Defendants received the Summons and Complaint and within one (1) year of the commencement of this action. Thus, removal is timely pursuant to 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a). See *Destfino v. Reiswig* (9th Cir. 2011) 630 F.3d 952, 956 (If the initially served defendant chooses to remove within the 30-day window from service, it may do so and obtain the joinder of all defendants who have been served as of that time; 28 U.S.C. § 1446(b)(2)(B).)

## III.   DIVERSITY JURISDICTION

8.      This action may be properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1), 1441(a).

### A.    Plaintiff's Citizenship

9.    To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States; and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994). Here, Plaintiff is, and at the institution of this civil action was, a citizen of the State of California. (Ex. 1, Complaint ¶ 1.) Specifically, Plaintiff alleges she is a resident of the City of Riverside, California. (Ex. 1, Complaint ¶ 6.) Plaintiff is thereby domiciled in California, and a citizen of California for purposes of diversity jurisdiction.

### B.    Costco's Citizenship

10.    Costco is now and, was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. Section 1332(c)(1).

11.    Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)). At all relevant times, Costco was, and still is, a Washington corporation with its principle place of business in Issaquah, Washington.

12.    The United States Supreme Court in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  *And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center" ....*

4

559 U.S. 77, 92-93 (2010) (emphasis added).

13.     Costco's "nerve center" is in Washington because Issaquah, Washington is the site of Costco's corporate headquarters and executive offices, where Costco's high-level officers direct, control, and coordinate Costco's activities. Accordingly, Costco is a citizen of the State of Washington pursuant to the "nerve center" test.

### C.     Costco Membership's Citizenship Must Be Disregarded Under The Sham Defendant Doctrine

14.     Plaintiff was hired and employed by Costco (Complaint ¶ 8).  Costco Membership is a holding company and does not have any employees.  Thus, it has been fraudulently named in this lawsuit.

15.     A defendant's citizenship may be disregarded for diversity purposes if that party's joinder is a "sham" or "fraudulent" in the sense that no cause of action has been properly stated against that party. *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339-40 (9th Cir. 1987) (plaintiffs cannot derail a defendant's absolute right to remove by the trick of naming a non-diverse defendant where no claim can properly be maintained against that non-diverse defendant); *Zogbi v. Federated Dep't Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991) (non-diverse defendant may be disregarded if that person's joinder is fraudulent in that no claim can be established against that party). The term "fraudulent" is a term of art and not intended to impugn the integrity of plaintiff or counsel.  *McCabe*, supra, 811 F.2d at 1339.

16.     Joinder of a defendant is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318 (9th Cir. 1998) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

17.     When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by

1  any means available." *Lewis v. Time Inc.,* 83 F.R.D. 455, 455 (E.D. Cal. 1979) ("[I]t is

2  well settled that upon allegations of fraudulent joinder . . . federal courts may look

3  beyond the pleadings to determine if the joinder . . . is a sham or fraudulent device to

4  prevent removal."), aff'd, 710 F.2d 549 (9th Cir. 1983); *McCabe*, supra, 811 F.2d at 1339

5  (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

6       18.    Here, Plaintiff's FEHA claims, and derivative wrongful termination claim,

7  are premised on his allegations that Plaintiff was discriminated against and wrongfully

8  terminated by his former employer, *Costco,* after taking multiple medical leaves of

9  absences between the years 2012-2019.

10       19.    Only an employer is prohibited from engaging in discrimination under the

11  FEHA. *Helmick v. Dave & Busters*, Inc., 2018 WL 1322110, *4 (C.D. Cal. 2018). Here,

12  Plaintiff was employed solely by Costco. Costco alone hired Plaintiff, managed his day-

13  to-day work, and terminated his employment.

14       20.    Nonetheless, Plaintiff seeks to hold Costco Membership, which is merely a

15  holding company for Costco, liable on his employment-related claims (i.e.,

16  discrimination, failure to prevent same, and wrongful termination). However, no

17  allegations are asserted that plausibly state a basis for direct or vicarious liability against

18  Costco Membership. As such, Costco Membership is not a proper defendant in this

19  matter, and its citizenship must be disregarded. *Vasquez v. Wells Fargo Bank, Nat'l*

20  *Ass'n*, 77 F.Supp.3d 911, 923 (N.D. Cal. 2015) (denying motion to remand because

21  "Wells Fargo & Company is simply a holding company that owns shares of Wells Fargo

22  Bank, N.A. Plaintiff does not dispute these facts; nor does he offer any evidence or allege

23  any facts that suggest that Wells Fargo & Company should be liable for unpaid wages

24  under an alter ego theory or as joint employer.").

25       21.    When the citizenship of the sham defendant Costco Membership is

26  disregarded, there is complete diversity of citizenship as between Plaintiff and Costco

27  Wholesale.

28

DEFENDANT COSTCO WHOLESALE CORPORATION AND COSTCO WHOLESALE MEMBERSHIP, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
77716222v.1

**D.**   **Doe Defendants' Citizenship**

22.   Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should also be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants one through fifty, inclusive, does not deprive this Court of jurisdiction.

**E.**   **Amount In Controversy**

23.   While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount in controversy exceeds $75,000. *See, Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."). "The amount in controversy is 'not a prospective assessment of [a] defendant's liability.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

24.   The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

25.   In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident*

7

*Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages). The amount in controversy is not limited to damages incurred prior to removal, but is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious. *Chavez,* 888 F.3d at 414–15.

### 1.   Special Damages, General Damages, and Exemplary Damages

26.   Plaintiff alleges that Defendant terminated his employment due to his age and disability. (Ex. 1, Complaint, ¶ 12).

27.   Plaintiff seeks to recover special and general damages, attorney fees, and punitive damages. (Ex. 1, Complaint, Prayer for Relief, ¶¶ 1-7.)

28.   Plaintiff alleges he was terminated on December 12, 2019.  (Ex. 1, Complaint, ¶ 11.)  At the time of Plaintiff's alleged termination, his hourly rate was $25.65.  Plaintiff worked an average of 40 hours every week during the last year he worked.  Had he remained employed and continued to work an average of 40 hours every week, his lost wages to date are approximately $106,740.  Assuming conservatively the case is tried one year from the filing of the Complaint, approximately three years from Plaintiff's date of alleged termination, Plaintiff's lost wages through trial will amount to approximately $160,056. *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 418 ("If a plaintiff claims at the time of removal that his termination caused him to lose future wages, and if the law entitles her to recoup those future wages if he prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that he will actually recover them. In such a situation, although the plaintiff's employer would have paid the wages in the future had he remained employed, they are presently in controversy."). Accordingly, the amount in controversy has been met by Plaintiff's lost wages alone.

29.     In addition to general and special damages, Plaintiff seeks to recover exemplary damages. (Ex. 1, Complaint, Prayer for Relief, ¶ 2.)

30.     To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

31.     California jury verdicts in similar cases often exceed $75,000.  See, e.g., *Abarca v. Citizens of Humanity LLC*, Los Angeles County Superior Court Case No. BC521900 (March 9, 2017) ($650,000 verdict on plaintiff's claims for disability discrimination, retaliation, and wrongful termination); *Astorga v. Snap-On Logistics Company*, Los Angeles County Superior Court Case No. BC506474 (August 30, 2017) ($15,000,000 verdict on plaintiff's claims for disability discrimination, wrongful termination, and defamation); *Godinez v. Alta-Dena Certified Dairy LLC*, United States District Court, Central District, Case No. 2:15cv01652 (March 17, 2016) ($544,505 on plaintiff's claims for disability discrimination and wrongful termination); *Lave v. Charter Comm., LLC* , Riverside County Superior Court Case No. RIC-15-08865 (May 19, 2017) ($575,000 verdict on plaintiff's claims for disability discrimination and wrongful termination, among other claims); *Navarro v. DHL Global Forwarding*, United States District Court, Central District Case No. 2:15cv05510 (May 22, 2017) ($1,530,000 verdict on plaintiff's claims for disability discrimination and wrongful termination); *Shaw v. Loma Linda Univ. Med. Center*, San Bernardino County Superior Court Case No. CIVDS-15-12998 (April 13, 2017) ($1,014,117 verdict on plaintiff's claims for age and disability discrimination and wrongful termination, among other claims).  *See also Kamali v. California Dept. of Transp.*, Los Angeles Superior Court Case No. BC426247 (December 20, 2012 verdict) (verdict for $663,983 on plaintiff's claims for disability discrimination and retaliation); *Ybarra v. Dacor Holding Inc.,* 2010 WL 2404221, Los Angeles Superior Court Case No. KC-054144 (Feb. 26, 2010 verdict) (award of $615,236.00 to employee in disability discrimination and wrongful termination action);

*Morales v. Los Angeles County Metro. Transp. Auth.*, 2008 WL 4488427, Los Angeles Superior Court Case No. BC339557, (August 19, 2008 verdict) (award of $2,247,137.00 to employee terminated due to disability); *Ismen v. Beverly Hosp.,* 2008 WL 4056258, Los Angeles County Superior Court Case No. BC366198 (August 13, 2008) (award of $1,180,164.00 in disability discrimination and failure to accommodate action); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal. 2008) (award of $850,000.00 to employee who alleged she was wrongfully terminated because of disability); *Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal. 2010) (award of $1,033,500.00 to employee who brought action against employer based disability discrimination and failure to accommodate); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845808 (L.A. County Superior Ct. 2010) (award of $410,520.00 to employee wrongfully terminated based on disability and medical condition); *Martin v. Arrow Elect.*, 2006 WL 2044626 (C.D. Cal. 2006) (award of $380,306.00 to employee who was wrongfully terminated based upon the disabilities he developed during his employment); *Shay v. TG Const., Inc*., 2002 WL 1918045 (Ventura County Superior Ct. 2002) (award of $462,500.00 to employee wrongfully terminated on basis of disability).

32.     Plaintiff's allegations that he was discriminated against and discharged because of a disability are similar to the issues in the aforementioned cases.

33.     For each of the foregoing reasons, while Defendants deny any liability as to Plaintiff's claims, it is now "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

**IV.   VENUE**

34.     Venue lies in this Court pursuant to 28 U.S.C. § 1441(a), as this action originally was brought in the Superior Court of the State of California, County of Riverside. The County of Riverside lies within the jurisdiction of the United States District Court, Central District of California.

35.     Therefore, without waiving Defendants' right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

## V.     NOTICE OF REMOVAL ON STATE COURT

36.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Riverside, as required under 28 U.S.C. § 1446(d).

37.     WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, Riverside County, to the United States District Court for the Central District of California, Eastern Division.

## **DEMAND FOR JURY TRIAL**

Defendants demand a jury trial pursuant to the Seventh Amendment of the United States Constitution.

DATED: December 23, 2021               Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: _/s/Shiva Fatoorechi Emrani_
                                            Laura Shelby
                                            Shiva Fatoorechi Emrani
                                            Michelle Zakarian
                                            Attorneys for Defendants
                                            COSTCO WHOLESALE
                                            CORPORATION and COSTCO
                                            WHOLESALE MEMBERSHIP, INC.

11