# EXHIBIT 1

Michael Zelman (SBN 297682)
mzelman@scllgpc.com
Taylor M. Prainito (SBN 286965)
tprainito@scllgpc.com
**SOUTHERN CALIFORNIA LABOR LAW GROUP, PC**
1875 Century Park East, Suite 480
Riverside, CA 90067
Telephone: (424) 231-2366
Facsimile:  (323) 319-5148

Attorneys for Plaintiff,
PAUL TUMANUVAO

**FILED**
Superior Court of California
County of Riverside
**11/8/2021**
**D. Brown**
Electronically Filed

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

|  |  |
|---|---|
| PAUL TUMANUVAO,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; and DOES 1-100, inclusive,<br><br>     Defendants. | Case No.: **CVRI2105139**<br><br>**PLAINTIFF PAUL TUMANUVAO'S COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF FEHA;**<br><br>**(2) HARASSMENT ON THE BASIS OF AGE IN VIOLATION OF FEHA;**<br><br>**(3) DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**<br><br>**(4) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA;**<br><br>**(5) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;**<br><br>**(6) RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY IN VIOLATION OF FEHA;**<br><br>**(7) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF FEHA;**<br><br>**(8) RETALIATION FOR REPORTING A WORK PLACE INJURY AND FILING** |

)   **WORKERS' COMPENSATION CLAIM**
)   **IN VIOLATION OF LABOR CODE §**
)   **6310;**
)
)   **(9)  WRONGFUL      TERMINATION      OF**
)   **EMPLOYMENT  IN  VIOLATION  OF**
)   **PUBLIC POLICY;**
)
)   **(10)  VIOLATION    OF    LABOR    CODE**
)   **§ 1102.5;**
)
)   **(11)  INTENTIONAL      INFLICTION      OF**
)   **EMOTIONAL DISTRESS;**
)
)   **DEMAND FOR JURY TRIAL**
)
)
)
)
)
)
)
)
)

Plaintiff, PAUL TUMANUVAO, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by PAUL TUMANUVAO, ("plaintiff" or "TUMANUVAO"), whose employment with defendants COSTCO WHOLESALE CORPORATION, a Washington Corporation; COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1.  *Plaintiff:*   Plaintiff PAUL TUMANUVAO is, and at all times mentioned in this

Complaint was, a resident of the County of Riverside, California.

2.   *Defendants:*

a.   Defendant Costco Wholesale Corporation, is a Washington Corporation, that is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

b.   Defendant Costco Wholesale Membership, Inc., is a California Corporation, that is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

c.   Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

2.   Costco Wholesale Corporation, Costco Wholesale Membership, Inc., and Doe defendants 1 to 100 may be collectively referred to as "defendants."

3.   *Relationship of defendants:*

a.   All defendants and all Doe defendants directly and/or indirectly employed plaintiff, as defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

b.   All defendants and all Doe defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged throughout, which is prohibited under California Government Code section 12940(i).

c.   All defendants and all Doe defendants were acting as the agents of all other defendants and employers, as defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

-3-

PLAINTIFF'S COMPLAINT FOR DAMAGES                    **Exhibit 1**

d.  All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, on behalf of all defendants, and engaged in, authorized, ratified, and approved of the conduct of all other defendants.

e.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, all defendants, and each of them, were the principals, agents, servants, employers, employees, partners, joint venturers, predecessors in interest, successors in interest, and/or authorized representatives of each of the other defendants, were at all times relevant herein acting within the purpose, course and scope of their agency, service, employment, partnership, joint venture, and/or representation, and were doing so with the knowledge, permission, and consent of their principals, employers, partners, joint venturers, and co-defendants, and each of them. Plaintiff further alleges that each and every defendant was negligent, careless, and legally liable in the selection and hiring of each and every other defendant as its agent, servant, employee, consultant, assistant, representative, partner, and/or joint venturer.

f.  All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i).  All defendants were responsible for the events and damages alleged herein, including on the following bases:  (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another.  Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist.  Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and

directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

g.   Defendants directly and indirectly employed plaintiff TUMANUVAO, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

h.   In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

4.   Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

5.   Some of the actions at issue in this case occurred in the State of California, in the County of Riverside.  Under the California Fair Employment and Housing Act, this case can alternatively, at plaintiff's choice, be filed:

> [I]n any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained . . . or in the county in which the aggrieved person would have worked . . .

California Government Code § 12965(b) (emphasis added).

6.   Plaintiff worked in California, and at times, conducted certain job duties in the County of Riverside.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.   *Plaintiff's protected status and activity:*

a.   Plaintiff is more than 40 years old.

b.   Plaintiff suffered from a disability and/or medical condition.

c.   Plaintiff made good faith complaints about the discrimination and harassment he experienced while employed by defendants to defendants' human resources department and to his supervisors and/or managers.

8.   Paul Tumanuvao (hereinafter "Tumanuvao") is a Samoan/Pacific Islander male and is

-5-

currently 56 years old. He was hired at Costco Wholesale Corporation ("Costco") located at 11600 Riverside Drive, Mira Loma, California as an Equipment Operator on or about March 14, 2002 and worked in various positions/capacities during his *17 years, 8 months* of employment.

9. In or around 2005, Tumanuvao was the Safety Coordinator/Supervisor of the building. In 2008/2009, he was diagnosed with chronic arthritis, a herniated disc in his back and knee problems. Tumanuvao told his manager about his diagnosis and requested accommodations in the form of light duty work. Defendants replied that Costco didn't have any light duty positions and that he must continue to give 100% in his current position. Tumanuvao complained that he couldn't perform without accommodations but Defendants provided none. Without accommodation, Tumanuvao was forced to take a medical leave of absence in 2012. Again, in 2013 and 2014, Tumanuvao required medical leave due to his disabilities and refusal from Defendants to provide work accommodations.

10. In 2015, Tumanuvao was demoted to Equipment Operator and given a disciplinary letter admonishing him for collecting money for an employee lunch that he had refunded after returning from medical leave. He believed he was demoted in retaliation for taking medical leave. The General Manager, Stu Bell (hereinafter "Bell") told Tumanuvao that management's first thought was to terminate him, but because there were no grounds for termination, it was decided to demote him. Thereafter, in or around 2016, Truong told Tumanuvao he had not received further promotions because of his poor attendance due to his disability.

11. During the period of January through June 2019, Tumanuvao went out on medical leave a few times. In or around June 2019, he was notified that if he went on medical leave again, he could be terminated. On or about November 12, 2019, Tumanuvao's back went out and he was given an official off-work order from the doctor that he immediately submitted to Costco. Tumanuvao faxed his return-to-work date to Costco on or about December 8 or 9, 2019 but did not receive any response. On or about December 10, 2019, Tumanuvao called his employer when his employee issued Costco card didn't work. On or about December 13, 2019, Tumanuvao received a letter notifying him he was terminated effective December 12, 2019 for taking an unauthorized leave of absence.

**Exhibit 1**

12.   Since his diagnosis in 2008, Tumanuvao was continuously harassed about taking medical leave due to his disability and he was denied any further promotions after being demoted in 2015.  He believes he was ultimately terminated because of his advancing age and ongoing disability.  Since being wrongfully terminated, Tumanuvao has suffered symptoms of extreme emotional distress including severe depression, anxiety, headaches and digestive issues as a result of losing his job.

13.   Defendants' stated reason for terminating was false and mere pretext as defendants' real reason for terminating TUMANUVAO's employment was for wrongful, illegal, discriminatory and/or retaliatory purposes related to his medical condition/disability, age, requests for accommodation and his good faith complaints regarding discrimination, harassment, retaliation, and/or other conduct that TUMANUVAO reasonably believed to be illegal.

14.   Following the termination, TUMANUVAO suffered severe symptoms of emotional distress including, but not limited to depression, anxiety, stress, headaches, and weight loss.

15.   *Economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, stock options, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

16.   *Non-economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

17.   *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a.   *Malice:*  Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his

age, disability, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his age, disability, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

18. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

19. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

**FIRST CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12900, *et seq.*) (Age Discrimination)—Against Defendants Costco Wholesale Corporation, Costco Wholesale Membership, Inc. and Does 1 to 100, Inclusive)**

20. The allegations set forth in paragraphs 1 through 19 are re-alleged and incorporated herein by reference.

21. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in

full force and effect and was binding on defendants.  This statute requires defendant to refrain from discriminating against any employee because he or she is more than 40 years old.  Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

22.   During plaintiff's employment with defendants, defendants, through their supervisors, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old.  Specifically, defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees.

23.   During plaintiff's employment with defendants, defendants intentionally engaged in age discrimination by discharging employees over the age of 40 with greater frequency than other employees.   During plaintiff's employment with defendants, defendants had a pattern and practice of discriminating against employees who were more than 40 years old.

24.   Plaintiff was a qualified employee at the time of the termination of his employment and was more than 40 years old.  Defendants continued to hire younger employees to replace the older employees whom they were discharging or otherwise forcing out of the company. Defendants replaced Plaintiff with a younger employee, under 40 years old, after terminating Plaintiff.  All of defendants' conduct raises an inference of discrimination.

25.   Defendants, through their managers and supervisors, made a number of comments to and about plaintiff and made staffing decisions and/or transfers that exhibited ageist motivations, intentions, and consciousness.  Plaintiff believes and, on that basis, alleges that defendants' real motivation was to discharge him because of his age.

26.   Defendants' conduct, as alleged, violated FEHA, and defendants committed unlawful employment practices, including by the following, separate bases for liability:

     a.   Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's age and/or other protected characteristics, in violation of Government Code section 12940(a);

     b.   Harassing plaintiff and/or creating a hostile work environment, in whole or in part

on the basis of plaintiff's age and/or other protected characteristics, in violation of Government Code section 12940(j);

      c.  Failing to take all reasonable steps to prevent discrimination and harassment based on age and/or other protected characteristics, in violation of Government Code section 12940(k);

      d.  Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, in violation of Government Code section 12940(h).

27.  On the basis of the above, plaintiff believes and alleges that his age was a substantial motivating factor in defendants' termination of his employment.

28.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

30.  Defendants' discrimination was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

31.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12900, *et seq.*) (Age Harassment)—Against All Defendants and Does 1 to 100, Inclusive)

32.  The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33.  Defendants' conduct, as alleged, violated FEHA, Government Code section 12900,

*et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

    a. Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff age and/or other protected characteristics, in violation of Government Code section 12940(j);

    b. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on age, in violation of Government Code section 12940(k).

34. As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

35. As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

36. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

37. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

### THIRD CAUSE OF ACTION

**(Violation of FEHA (Government Code § 12900, *et seq.*)**

**(Disability Discrimination)—Against Defendants Costco**

**Wholesale Corporation, Costco Wholesale Membership, Inc.and**

**Does 1 to 100, Inclusive)**

38. The allegations set forth in paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

39. Plaintiff's actual, perceived, and/or history of disability and/or other characteristics

protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to refuse to accommodate plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against plaintiff.

40.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

   a.   Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in violation of Government Code section 12940(a);

   b.   Failing to accommodate plaintiff's actual, perceived, and/or history of disability, in violation of Government Code section 12940(m);

   c.   Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

   d.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability, in violation of Government Code section 12940(k);

   e.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

   f.   Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

41.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

-12-

42.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

43.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

44.   Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

**FOURTH CAUSE OF ACTION**

**((Violation of FEHA (Government Code § 12940(a), (i), (m), (n)**

**(Failure to Provide Reasonable Accommodation)—Against**

**Defendants Costco Wholesale Corporation, Costco Wholesale**

**Membership, Inc. and Does 1 to 100, Inclusive)**

45.   The allegations set forth in paragraphs 1 through 44 are re-alleged and incorporated herein by reference.

46.   At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants.  This statute requires defendants to provide reasonable accommodations to known disabled employees.  Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

47.   Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability.  Defendants used plaintiff's disability and his need to take medical leave as an excuse for terminating plaintiff's employment.

48.   Plaintiff believes and, on that basis, alleges that his disability and the need to accommodate his disability were substantial motivating factors in defendants' termination of his employment.

49.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

50.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

51.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

52.   Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

## FIFTH CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12900, *et seq.*) (Failure
### to Engage in Interactive Process)—Against Defendants Costco
### Wholesale Corporation, Costco Wholesale Membership, Inc.
### and Does 1 to 100, Inclusive)

53.   The allegations set forth in paragraphs 1 through 52 are re-alleged and incorporated herein by reference.

54.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following bases for liability:  failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n).

55.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

56.   As a proximate result of defendants' willful, knowing, and intentional discrimination

against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

57.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

58.  Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

### SIXTH CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12900, *et seq.*)

### (Retaliation for Engaging in a Protected Activity)—Against

### Defendants Costco Wholesale Corporation, Costco Wholesale

### Membership, Inc. and Does 1 to 100, Inclusive)

59.  The allegations set forth in paragraphs 1 through 58 are re-alleged and incorporated herein by reference.

60.  Plaintiff's engagement in protected activity, including good faith complaints and/or opposition to discrimination and harassment based on age, disability, and/or good faith complaints protected by FEHA, Government Code section 12900, *et seq.,* as well as to defendants' failure to accommodate his disability and failure to engage in the interactive process, were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse job actions against plaintiff.

61.  Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a.  Demoting, discharging, barring, refusing to retain, refusing to transfer, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis

-15-

of plaintiff's age, disability, good faith complaints and/or other protected characteristics by FEHA, Government Code section 12900, *et seq.,* in violation of Government Code section 12940(a);

b.   Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's age, disability, good faith complaints and/or other protected characteristics, in violation of Government Code section 12940(j);

c.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on age, disability, and/or good faith complaints in violation of Government Code section 12940(k);

d.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

e.   Failing to accommodate plaintiff's actual, perceived, and/or history of disability, in violation of Government Code section 12940(m);

f.   Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

g.   Creating a hostile work environment, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in violation of Government Code section 12940(j);

h.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

i.   Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

62.   As a proximate result of defendants' willful, knowing, and intentional retaliation

against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

63.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

64.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

65.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

## SEVENTH CAUSE OF ACTION

### (Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA (Government Code § 12940(k))—Against Defendants Costco Wholesale Corporation, Costco Wholesale Membership, Inc. and Does 1 to 100, Inclusive)

66.   The allegations set forth in paragraphs 1 through 65 are re-alleged and incorporated herein by reference.

67.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants.  This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."  Prior to filing the instant Complaint, plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue notice.

68.   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of plaintiff's protected status (*i.e.,* his age, disability, and/or participation in

protected activities and/or her good faith complaints and opposition). During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees on the basis of such protected classes. During the course of plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination on the basis of engagement in protected activity and protected status.

69. Plaintiff believes and on that basis alleges that his protected status and/or engagement in a protected activity was a substantial motivating factor in defendants' employees' discrimination and retaliation against him.

70. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

71. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

72. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

73. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

///

///

///

///

**EIGHTH CAUSE OF ACTION**

**(Retaliation for Reporting A Workplace Injury and/or**

**Filing Worker's Compensation Claim**

**In Violation of Cal. Labor Code §6310(a))**

**(Against Costco Wholesale Corporation, Costco Wholesale**

**Membership, Inc., and Does 1-100, Inclusive)**

74.   The allegations set forth in paragraphs 1 through 73 are re-alleged and incorporated herein by reference.

75.   At all times herein mentioned, California Labor Code § 6310(a) was in full force and effect and binding on Defendants.  This statute requires Defendants to refrain from discharging or in any matter discriminating against an employee for engaging in protected activities including but not limited to: (a) making an oral or written complain to government agencies with reference to his employer, (b) instituting any proceeding under or relating to employees' rights, (c) reporting a work-related fatality, injury, or illness, or (d) requesting access to occupational injury or illness reports and records.

76.   Here, Defendants discriminated and retaliated against plaintiff, in part, because plaintiff suffered an injury at the work place and reported the injur(ies).  Plaintiff also filed a worker's compensation claim against Defendants related to a work place injur(ies).  Thereafter, Defendants wrongfully terminated plaintiff.

77.   As a proximate result of Defendants' willful, knowing and intentional retaliation against plaintiff, plaintiff has lost employment earnings and benefits, past and future, according to proof.

78.   As a proximate result of said wrongful termination, plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

79.   As a proximate result of said wrongful termination, plaintiff has incurred, and will continue to incur, attorney's fees and costs.

80.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

### NINTH CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of Public Policy (Labor Code § 1102.5; FEHA, Government Code § 12900, *et seq.*)—Against Defendants Costco Wholesale Corporation, Costco Wholesale Membership, Inc., and Does 1 to 100, Inclusive)

81.   The allegations set forth in paragraphs 1 through 80 are re-alleged and incorporated herein by reference.

82.   Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, plaintiff's employment was terminated in part because of his protected status (*i.e.,* his age, disability, and/or good faith complaints).   These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

83.   As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

84.   As a result of defendants' wrongful termination of his employment, plaintiff has suffered general and special damages in sums according to proof.

85.   Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

86.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq., plain*tiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES                    **Exhibit 1**

**TENTH CAUSE OF ACTION**

**(Violations of Labor Code § 1102.5, *et seq.*—**

**Against All Defendants and Does 1 to 100, Inclusive)**

87.   The allegations set forth in paragraphs 1 through 86 are re-alleged and incorporated herein by reference.

88.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants.  This statute prohibits defendants from retaliating against any employee, including plaintiff, for raising complaints of illegality.

89.   Plaintiff raised complaints of illegality while he worked for defendants, and defendants retaliated against him by terminating his employment. Specifically, plaintiff reported the unlawful discrimination and retaliation he was experiencing from defendants on the basis of his age, disability and/or good faith complaints.

90.   As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

91.   As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

92.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

**ELEVENTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress—Against All**

**Defendants and Does 1 to 100, Inclusive)**

93.   The allegations set forth in paragraphs 1 through 93 are re-alleged and incorporated herein by reference.

94.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

95.   Defendants were aware that treating plaintiff in the manner alleged above, including

depriving him of his livelihood, would devastate plaintiff and cause him extreme hardship.

96.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

97.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

98.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

**PRAYER**

WHEREFORE, plaintiff, PAUL TUMANUVAO, prays for judgment against defendants as follows:

1.   For general and special damages according to proof;

2.   For exemplary damages, according to proof;

3.   For pre-judgment and post-judgment interest on all damages awarded;

4.   For reasonable attorneys' fees;

5.   For costs of suit incurred;

6.   For injunctive relief;

7.   For such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES                    **Exhibit 1**

ADDITIONALLY, plaintiff, PAUL TUMANUVAO, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated:  November 8, 2021

**SOUTHERN CALIFORNIA LABOR LAW GROUP, P.C.**

By: _____

Michael Zelman, Esq.
Taylor M. Prainito, Esq.
Attorneys for Plaintiff,

PAUL TUMANUVAO